## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANCES ANTICO, *Executrix of the Estate of June Germinario*,<br><br>Plaintiff,<br><br>v.<br><br>RAM PAYMENT, L.L.C. *et al.*,<br><br>Defendants. | Civil Action<br>No. 20-12130 (CPO)<br><br>**OPINION** |

**Appearances:**

Joseph Michael Pinto
Polino And Pinto, P.C.
720 East Main Street, Suite 1C
Moorestown, NJ 08057

Carl D. Poplar
1010 Kings Highway South
Building Two
Cherry Hill, NJ 08034

     *On behalf of Plaintiff June Germinario.*

Shaji M. Eapen
Methfessel & Werbel, Esqs.
2025 Lincoln Highway, Suite 200
Po Box 3012
Edison, NJ 08818

     *On behalf of Defendants RAM Payment, L.L.C., Reliant Account Management, L.L.C. (California), Reliant Account Management, L.L.C. (Tennessee), Account Management Systems, L.L.C., Reliant Account Management Systems, L.L.C., Gs Associated Holdings, L.L.C. (California), GS Associated Holdings, L.L.C. (Arizona), WST Management, L.L.C., Austin Co. L.L.C., Reliant Management Services, L.L.C. Stephen Chaya, Gregory Winters, Scott Austin, Stephen Chaya Trust Agreement.*

**O'HEARN, District Judge.**

## INTRODUCTION

This case comes before the Court on two pending motions:  (i) a Motion to Dismiss for Failure to State a Claim, (ECF No. 18), filed by Defendants RAM Payment, L.L.C. ("RAMP"), Reliant Account Management, L.L.C. (California) ("RAM CA"), Reliant Account Management, L.L.C. (Tennessee), now known as Account Management Systems, L.L.C. ("AMS"), Reliant Account Management Systems, L.L.C. ("RAMS"), GS Associated Holdings, L.L.C. (California) ("GSCA"), GS Associated Holdings, L.L.C. (Arizona) ("GSAZ"), WST Management, L.L.C. ("WST"), Austin Co. L.L.C. ("AC"), Reliant Management Services, L.L.C. ("RMS"), Stephen Chaya, Gregory Winters, Scott Austin, Stephen Chaya Trust Agreement ("SCTA") (collectively "Defendants"); and (ii) a Motion to Dismiss for Failure to Join a Necessary and Indispensable Party Required by Federal Rule of Civil Procedure 19 ("Rule 19"), (ECF No. 68), also filed by Defendants. The Court did not hear oral argument pursuant to Local Rule 78.1. For the reasons discussed below, the Court **DENIES** Defendants' Motions.

## I.     FACTS AND PROCEDURAL HISTORY

The Court recently issued an Opinion in relation to Plaintiff's Motion to Certify Class that lays out the factual and procedural background of this case in detail. (ECF No. 89). The Court incorporates the factual discussion included in that prior Opinion here and will only briefly address additional facts that are relevant to the present Motions.

### A.  The State Court Order

On July 29, 2020, the Superior Court granted a motion to dismiss filed by RAMP, dismissing Plaintiff's claim under the New Jersey Money Transmitters Act, N.J.S.A. 17:15c-1 *et seq.* ("NJMTA") with prejudice, and dismissing all remaining claims without prejudice. (ECF No.

68 exh. D). Defendants subsequently removed the case to this Court for the second time on September 1, 2020. (ECF No. 68 exh. E).

### B.  Defendant Steven Chaya's Declaration[1]

Defendant Steven Chaya is the Vice President of RAMP as well as the Vice President and managing partner of AMS. (Chaya Decl., ECF No. 1-7 ¶ 1). According to Defendant Chaya's declaration, RAMP is incorporated in Delaware with a principal place of business at 412 N. Cedar Bluff Road, Suite 400, in Knoxville, Tennessee. (Chaya Decl., ECF No. 1-7 ¶¶ 1, 4). RAMP is owned by RAM Am., who is also incorporated in Delaware with a principal place of business at 412 N. Cedar Bluff Road, Suite 400, in Knoxville, Tennessee. (Chaya Decl., ECF No. 1-7 ¶¶ 2–3). RAM Am. is 40% owned by AMS who has a principal place of business at 412 N. Cedar Bluff Road, Suite 400, in Knoxville, Tennessee. (Chaya Decl., ECF No. 1-7 ¶¶ 3–4).

### II.   LEGAL STANDARD

### A.  Rule 12(b)(6)

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Evancho v. Fisher*,

---

[1]   When deciding a motion to dismiss, courts are generally limited to considering only allegations contained in the complaint, exhibits attached to the complaint, and matters of public record. *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). However, "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Id.* Since the Amended Complaint specifically references the Declaration of Defendant Chaya, (Chaya Decl., ECF No. 1-7), the Court will consider it. (Am. Compl., ECF No. 4, ¶ 37). For clarity, the Court notes that this is one of two declarations from Defendant Chaya, the second of which, (Sec. Chaya Decl., ECF No. 18-4), will be addressed in Section III.A.ii, *infra*, and not considered in deciding this Motion.

423 F.3d 347, 351 (3d Cir. 2005). A pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." F.R.C.P. 8(a)(2).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted).

To determine the sufficiency of a complaint, a court must take three steps:  (1) take note of the elements a plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of well-pleaded factual allegations, and then determine whether they plausibly give rise to an entitlement for relief. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 675, 679 (2009)) (alterations, quotations, and other citations omitted).

A district court, in deciding a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." *Twombly*, 550 U.S. at 563 n.8 (quoting *Scheuer v. Rhoades*, 416 U.S. 232, 236 (1974)); *see also Iqbal*, 556 U.S. at 684 ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) ("*Iqbal* . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before *Twombly*."). "A motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'" *Malleus*, 641 F.3d at 563 (quoting *Twombly*, 550 U.S. at 570).

On a Rule 12(b)(6) motion, courts may only consider allegations contained in the complaint, exhibits attached to complaint, and matters of public record. *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The court may also consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Id.* If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56. Fed. R. Civ. P. 12(d); *but see U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) (internal quotation marks and citations omitted) (emphasis omitted) ("[A] document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.").

### A. Rule 12(b)(7)

Federal Rule of Civil Procedure 12(b)(7) permits a court to dismiss an action for failure to join an indispensable party under Rule 19. The Rule 19 analysis is three-fold; the court asks first whether the party is "necessary," then if joinder of the party is "feasible," and finally, whether the party is "indispensable." F.R.C.P. 19; *Janney Montgomery Scott, Inc. v. Shepard Niles*, *Inc.*, 11 F.3d 399, 404 (3d Cir. 1993). If a party is not found to be necessary, the court's analysis stops at that point because a party cannot be "indispensable" if it is not "necessary." *Pittsburgh Logistics Sys., Inc. v. C.R. England, Inc.*, 669 F. Supp. 2d 613, 617 (W.D. Pa. 2009); *Janney*, 11 F.3d at 405 (the determination that joinder is compulsory under Rule 19(a) is a "necessary predicate" to determining that it is indispensable under Rule 19(b)).

If joinder of a necessary party is not feasible, and the court finds the absent party indispensable, the action must be dismissed. *US Tech Sols., Inc. v. eTeam, Inc.*, No. 17-1107, 2017

WL 3535022, at *2 (D.N.J. Aug. 16, 2017). The moving party bears the burden of showing that the absent party is both necessary and indispensable under Rule 19. *Disabled in Action v. SEPTA*, 635 F.3d 87, 97 (3d Cir. 2011)).

III.   <u>DISCUSSION</u>

The Court concludes, first, that Plaintiff has sufficiently pled the allegations in her Amended Complaint to survive a 12(b)(6) review and, second, the unnamed Debt Settlement Entities ("DSEs") are not necessary parties required to be joined under Rule 19. The Court therefore **DENIES** Defendants' Motion to Dismiss for Failure to State a Claim, (ECF No. 18), and Motion to Dismiss for Failure to Add a Necessary Party, (ECF No. 68).

**A.  Plaintiff's Amended Complaint Survives Rule 12(b)(6) Review**

**i.   Count III (Violation of the NJMTA)**

Defendants move to dismiss Court III of Plaintiff's Amended Complaint to the extent it asserts claims under the NJMTA.

Before this case was removed, the State Court dismissed Plaintiff's claim under the NJMTA with prejudice. (ECF No. 68 exh. D). "All injunctions, orders, and other proceedings . . . prior to removal shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450; *see Agostino v. Costco Wholesale Corp.*, No. 20-1399, 2021 WL 2530838 at *2 n.4 (D.N.J. Jan. 15, 2021), *reconsideration denied*, No. 20-1399, 2021 WL 7184490 (D.N.J. Aug. 27, 2021). This Court has denied Plaintiff's Motion for Reconsideration of State Court's Order of July 29, 2020 as untimely, (ECF Nos. 24, 85), and thus Plaintiff cannot attempt to resurrect this claim by filing an Amended Complaint. Since this claim was already dismissed with prejudice by the State Court, the Motion as to this claim is moot.

ii.     **All Counts Against RAMP**

Defendants argue that Plaintiff cannot bring any claims against RAMP because it was incorporated after the alleged illegal activity occurred in this case. This challenge relies wholly on factual allegations outside the Amended Complaint—namely the Second Declaration from Defendant Chaya, (Sec. Chaya Decl., ECF No. 18-4), and the Asset Purchase Agreement, (ECF No. 18-4 exh. 1). These additional factual materials and related arguments are more appropriate for a Motion for Summary Judgment than a Motion to Dismiss, and, thus, the Court will not consider them in deciding this Motion.

While the Court has the authority to convert the present motion into a Motion for Summary Judgment at its discretion, *Kulwicki v. Dawson*, 969 F.2d 1454, 1463 (3d Cir. 1992), we decline to do so at this early point in the litigation. Without more substantial discovery, it would be inappropriate for the Court to convert a pre-answer Motion to Dismiss into a Motion for Summary Judgment. *See Childs v. Meadowlands Basketball Assocs.*, 954 F. Supp. 994, 998 n.2 (D.N.J. 1997) (noting that it is advisable for courts to defer motions for summary judgment until discovery has been closed).

Under the liberal pleading standards—and despite not knowing all the intricacies of the spider web of organizations involved her case—the Court believes that Plaintiff has stated a claim against RAMP based on the factual allegations in the Amended Complaint. More discovery may ultimately lead to a contrary conclusion, but Plaintiff has met her burden to advance past this preliminary stage.

### iii.   Count XI (Piercing the Corporate Veil)

As a threshold matter, the Court must determine which state's law to apply in resolving Plaintiff's veil-piercing claims against the Participating Defendants.[2] *See United States ex rel. Pilecki-Simko v. Chubb Inst.*, No. 06-3562, 2010 WL 1076228, at *11 (D.N.J. Mar. 22, 2010) (noting that "veil-piercing is a state-law claim"); *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 61 S. Ct. 1020, 1021–22 (1941) (finding that federal courts shall apply the conflict of law rules of the state in which they sit).

In determining which state's law governs veil-piercing, New Jersey law directs courts to look to the target entity's state of incorporation, or conduct the flexible "governmental interest analysis," applying the law of the state "that has the most significant connections with the parties and the transaction." *Las Vegas Sands Corp. v. Ace Gaming, LLC*, 713 F. Supp. 2d 427, 443 (D.N.J. 2010) (citing *D.R. Horton Inc.–New Jersey v. Dynastar Development, LLC*, No. 1808–00, 2005 WL 1939778 at *20–21 (N.J. Super. 2005)); *see also Linus Holding Corp. v. Mark Line Indus., LLC*, 376 F. Supp. 3d 417, 424 (D.N.J. 2019). The first prong of the governmental interest test requires the Court to determine whether there is an actual conflict between the laws of the states involved. *Erny v. Estate of Merola*, 171 N.J. 86, 100 (2002) (citing *Gantes v. Kason Corp.*, 145 N.J. 478, 484 (1996)).

Here, Plaintiff seeks to pierce the veil of three Participating Defendants that are incorporated under either Tennessee or California law. Defendant argues that the law of the state of incorporation should be applied. Plaintiff counters that New Jersey has the most significant

---

[2] Plaintiff attempts to pierce (1) Defendant RAM Tenn a/k/a AMS, a Tennessee corporation, to reach Defendants Steven Chaya, Greg Winters, AC, Scott Austin and GSAZ, (Am. Compl., ECF No. 4 ¶¶ 28, 47); (2) Defendant RAMS, a Tennessee corporation, to reach Defendants GSAZ, and AC, (Am. Compl., ECF No. 4 ¶ 28); and (3) Defendant RAM CA, a California corporation, to reach GSCA, Steven Chaya, WST, AC, and Scott Austin, (Am. Compl., ECF No. 4 ¶¶ 21-22, 26).

interest and therefore New Jersey veil-piercing law should apply—but also submits that there is no conflict between the laws of the three states. The Court need not conduct any further analysis because the Court concludes that the veil-piercing analysis under each state's law is substantially similar and does not present an actual conflict. *See Mark IV Transp. & Logistics, Inc. v. Lightning Logistics, LLC*, No. 09-6480, 2014 WL 7073088, at *4 (D.N.J. Dec. 15, 2014) (finding that to pierce the corporate veil under Tennessee law, "a court must be convinced that the separate corporate entity 'is a sham or a dummy' or that disregarding the separate corporate entity is 'necessary to accomplish justice.'"); *Automotriz del Golfo de California S.A. de C. V. v. Resnick*, 306 P.2d 1, 3 (Cal. 1999) (finding that to pierce the corporate veil under California law a court must find "(1) that there be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist and (2) that, if the acts are treated as those of the corporation alone, an inequitable result will follow."); *FDASmart, Inc. v. Dishman Pharms. & Chems. Ltd.*, 448 N.J. Super. 195, 203–04 (App. Div. 2016) (citing *Dep't of Env't Prot. v. Ventron Corp.*, 94 N.J. 473, 500–01 (1983)) ("To pierce the corporate veil of a parent corporation, a party must establish two elements:  (1) the subsidiary was dominated by the parent corporation, and (2) adherence to the fiction of separate corporate existence would perpetrate a fraud or injustice, or otherwise circumvent the law.").

Having determined that the law of all three states is substantially the same, it does not matter whether this Court applies the law of the state of incorporation or the governmental interest test, as the result will inevitably be the same. In the interest of consistency with the other state law claims addressed in this case, the Court will analyze Plaintiff's claims under New Jersey law. *See Linus Holding Corp. v. Mark Line Indus., LLC*, 376 F. Supp. 3d 417, 424 (D.N.J. 2019)

("[B]ecause Plaintiff's success on this motion is not contingent upon an application of Florida,

Utah, or New Jersey law, the Court proceeds to apply the laws of New Jersey").

Under New Jersey law,

> two overarching elements must first be satisfied prior to piercing the corporate veil:
> (1) there must be such a unity of interest and ownership that the separate
> personalities of the corporation and the individual cease to exist; and (2) the
> circumstances must indicate that adherence to the fiction of separate corporate
> existence would sanction a fraud or promote injustice.

*Jurista v. Amerinox Processing, Inc.*, 492 B.R. 707, 678 (D.N.J. 2013) (internal citations omitted)

(citing *Mall at IV Grp. Props., LLC v. Roberts*, No. 02–4692, 2005 WL 3338369, at *3 (D.N.J.

Dec. 8, 2005)).[3]

> Regarding the first prong, courts should consider factors such as

> gross undercapitalization . . . failure to observe corporate formalities, non-payment
> of dividends, the insolvency of the debtor corporation at the time, siphoning of
> funds of the corporation by the dominant stockholder, non-functioning of other
> officers or directors, absence of corporate records, and the fact that the corporation
> is merely a facade for the operations of the dominant stockholder or stockholders.

*Craig v. Lake Asbestos of Quebec, Ltd.*, 843 F.2d 145, 150 (3d Cir. 1988) (internal quotations

omitted) (quoting *American Bell Inc. v. Federation of Telephone Workers*, 736 F.2d 879, 886 (3d

Cir. 1984)) (applying New Jersey law).

In analyzing these factors, the Court is satisfied that Plaintiff has made sufficient

allegations to prevail at this preliminary stage.[4] Plaintiff alleges that the "[P]articipating

---

[3] "Although the case at bar deals with a limited liability company and not a corporation,
the corporate veil applies with equal force in the LLC context." *State Cap. Title & Abstract Co.
v. Pappas Bus. Servs., LLC*, 646 F. Supp. 2d 668, 679 n.5 (D.N.J. 2009) (citing *Beuff Enters.
Fla., Inc. v. Villa Pizza, LLC*, No. 07-2159, 2008 WL 2565008, at *1 (D.N.J. June 25, 2008)).

[4] The Court again declines to consider the Second Declaration from Defendant Chaya, (Sec.
Chaya Decl., ECF No. 18-4), and the Asset Purchase Agreement, (ECF No. 18-4 exh. 1), on
which Defendants' argument relies. To do so would require this Court to convert the Motion to
Dismiss into a Motion for Summary Judgment which it declines to do at this early stage in the
litigation. *See* discussion *supra* Section III.A.ii.

Defendants have been materially involved in the [P]rincipal Defendants' day-to-day business operations and client and banking relationships," use the same business address, "officers, employees, staff, website, contracts, and name," (Am. Compl., ECF No. 4 ¶ 183); have shared revenue, and benefited financially from the Principal Defendants' illegal conduct. (Am. Compl., ECF No. 4 ¶¶ 129–30, 183). Further, Plaintiff alleges that the "[P]rincipal Defendants in effect are one entity, . . . merging or joining together to constitute a de facto merger, transferring interests in each other" to other named Defendants. (Am. Compl., ECF No. 4 ¶ 183–84). Specifically, Plaintiff alleges that Defendant Chaya has transferred his interests in some of the Defendant corporations in response to litigation in an attempt to shield his assets from liability. (Am. Compl., ECF No. 4 ¶ 131). Finally, Plaintiff alleges that Defendants are "forming other limited liability entities in an attempt to avoid liability for such actions, and making transfers for inadequate consideration to [effectuate] these ends." (Am. Compl., ECF No. 4 ¶ 183–84). Given the facts as alleged and assuming their truth, as the Court must, the Court finds Plaintiff has satisfied her burden of setting forth sufficient factual allegations of a unity of interest and ownership required by the first prong.

For the second prong, Plaintiff "need not prove common law fraud," but "rather must meet the less rigid standard of 'fraud, injustice, or the like.'" *Kuibyshevnefteorgsythez v. Model*, No. 93–4919, 1995 WL 66371 at *15 (D.N.J. Feb. 6, 1995) (quoting *Ventron*, 94 N.J. at 500). Here, Plaintiff's Amended Complaint alleges multiple specific instances of the Principal Defendants charging Plaintiff illegal fees and taking them directly from her escrow account. (ECF No. 4 ¶ 9, 20). Plaintiff also specifically alleges civil conspiracy, theft and fraud, including specific allegations that individual Defendants Chaya and Winters "knowingly and recklessly provided substantial assistance to Defendants," in the commission of these crimes. (Am. Compl., ECF No. 4 ¶ 64–67, 75, 79, 141–143). Finally, Plaintiff cites a lengthy list of past and ongoing litigation in

which the Principal and Participating Defendants are engaged. (Am. Compl., ECF No. 4 ¶ 81–82). Taking these allegations as true, the Court finds that Plaintiff has met her burden on the second prong and has set forth sufficient factual allegations to survive Rule 12(b)(6) review.

The Court further notes that the Third Circuit has expressly recognized that, while fraud need not necessarily be pled, veil-piercing is appropriate in instances of fraud, illegality, or injustice. *Zubik v. Zubik*, 384 F.2d 267, 272 (3d Cir. 1967). As set forth below, Plaintiff has adequately pled the existence of fraud or fraudulent conduct in Counts I (Violation of New Jersey Racketeer Influence and Corrupt Organizations Act, N.J.S.A. 2C:41-1, *et seq.*), and II (Violations of New Jersey Consumer Fraud Act, Act, N.J.S.A. 56:8-1, *et seq.*). These claims therefore further substantiate a finding that dismissal of Plaintiff's veil-piercing claim would be inappropriate at this stage of the litigation.

### iv.   Heightened Pleading Requirement of Federal Rule of Civil Procedure 9(b)

Defendants argue that Plaintiff has failed to meet the heightened pleading requirement of Federal Rule of Civil Procedure 9(b) because her Amended Complaint only alleges that "[o]ne of the [P]rincipal Defendants paid itself at least $9.95 in illegal transaction charges each month . . . and also paid illegal sums to itself and Guardian Legal Center as fees in an amount . . . equaling all the funds withdrawn from her account." (Am. Compl., ECF No. 4 ¶ 20). The Court disagrees.

Rule 9(b) imposes a heightened pleading requirement for allegations of fraud, over and above that required by Rule 8(a). *Hughes v. Panasonic Consumer Elecs. Co.*, No. 10-846, 2011 WL 2976839 at *10 (D.N.J. July 21, 2011). That heightened pleading standard requires the plaintiff to "state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the precise misconduct with which it is charged." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (internal quotation and citation omitted). This includes, "at a

minimum, that plaintiffs support their allegations of fraud with all of the essential factual background that would accompany the first paragraph of any newspaper story—that is, the who, what, when, where and how of the events at issue." *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 276–77 (3d Cir. 2006) (internal quotation and citation omitted). Courts should, however, apply the Rule with some flexibility, *Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644, 658 (3d Cir. 1998), and be sensitive to the fact that a rigid application of the rule could allow for sophisticated defendants to conceal the details of their fraud entirely within their own knowledge or control making it impossible for a plaintiff to satisfy the standard, *Craftmatic Sec. Litig. v. Kraftsow*, 890 F.2d 628, 645 (3d Cir. 1989).

Contrary to Defendants' assertions, Plaintiff's Amended Complaint is not entirely founded on fraud claims. But to the extent Rule 9 applies to her claims under the New Jersey Consumer Fraud Act, Act, N.J.S.A. 56:8-1, *et seq.*, and the New Jersey Debt Adjustment and Credit Counseling Act, N.J.S.A. 17:16G-1, *et seq.*, Plaintiff has pled them with sufficient particularity. Especially considering that these are sophisticated Defendants, Plaintiff has identified all of the Defendants who had access to Plaintiff's escrow account and could have removed money. Additionally, she pled the exact amounts withdrawn each month between March of 2014 and April of 2017. (Am. Compl., ECF No. 4 ¶ 19). This is sufficient information for the Defendants, who presumably have internal accounting records, to be on notice of the conduct alleged by the Plaintiff.

### B.  The Unnamed DSEs Referenced by Plaintiff in Her Amended Complaint Are Not Necessary Parties Under Rule 19(a)

Defendants argue that the money Plaintiff seeks to recover was invariably paid out to additional, unnamed DSEs who therefore must be joined under Rule 19 to allow the Court to afford

full relief. For the following reasons, the Court finds that the DSEs are not necessary parties under Rule 19(a).

Rule 19(a)(1) requires this Court to "ask first whether complete relief can be accorded to the parties to the action in the absence of the unjoined party." *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 405 (3d Cir. 1993) (citing F.R.C.P. 19(a)(1)). Notwithstanding a determination that complete relief may be granted, a court still may deem a party "necessary" under subsection (a)(2) if: (i) a determination of the rights of those persons named as parties to the action would impair or impede an absent party's ability to protect its interest in the subject matter of the litigation; or (ii) a continuation of the action would expose named parties to the "substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." F.R.C.P. 19(a)(2)(i)–(ii); *see Gen. Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 316–18 (3d Cir. 2007). Rule 19(a)(2)(i) and (ii) also require the court to consider the effect that resolution of the dispute among those parties before it may have on any absent parties. F.R.C.P. 19(a)(2); *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 406 (3d Cir. 1993).

Under Rule 19(a)(2), a party is only "necessary" if it has a legally protected interest in the action; a financial interest is not sufficient. *See Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 228 (3d Cir. 2005) ("The declaratory judgment action turns on the interpretation of the contracts of insurance between PMP and Liberty Mutual. It has nothing to do with whether PMP caused asbestos-related bodily injuries to Appellants or anyone else."). If an absent party is deemed to be necessary under subsection (a)(2)(i) or (ii), it must be joined if feasible. *Gen Refractories*, 500 F.3d at 313.

Here, Plaintiff seeks relief in the form of "[d]isgorgement of all illegal fees, charges and costs and other funds not already paid to creditors of the victimized Plaintiff so as to restore to [her] any money acquired by the unlawful acts of the Defendants." (Am. Compl. ECF No. 4 ¶ E at 23, 39, 40, 42, 43, 45, 50, 52, 54–55). Plaintiff concedes in her Brief that the relief she seeks may "reflect monies paid to the DSEs," but argues that she has limited her claim to the DSEs with which she contracted as she has no basis for claims against the others. (Pla. Br. in Opp., ECF No. 74, at 9).

First, because Plaintiff's Amended Complaint does not state any claims or make any allegations against the unnamed DSEs, it appears that full relief can be granted in their absence. *See Spring-Ford Area Sch. Dist. v. Genesis Ins. Co.*, 158 F. Supp. 2d 476, 483 (E.D. Pa. 2001); *Pittsburgh Logistics Sys., Inc. v. C.R. England, Inc.*, 669 F. Supp. 2d 613, 620 (W.D. Pa. 2009). With the recent Motion to Certify a Class in this matter having been denied, (ECF No. 90), the allegations remain at this time exclusively related to the Plaintiff and named Defendants—with which Plaintiff had contracts and tangible injury.

Further, "a third party is not a necessary or indispensable party to an action to determine the rights of other parties under a contract, simply because the third party's rights or obligations under an entirely separate contract will be seriously affected by the action." *Wausau Ins. Cos. v. Liguori*, Nos. 05-2706 and 05-3678, 2006 WL 2588736, *4 (E.D. Pa. Sept. 7, 2006) (quoting *Special Jet Services, Inc. v. Federal Ins. Co.*, 83 F.R.D. 596, 599 (W.D. Pa. 1979)). This means that whether or not the unnamed DSEs are contractually obligated to indemnify Defendants is immaterial to Plaintiff's claims and thus their necessity to this action. *See Liberty Mut, 419 F.3d at 230; XL Specialty Ins. Co. v. Interstate Indus. Corp.*, No. 09-82, 2009 WL 2568077, *5 (D.N.J. Aug. 18, 2009).

Second, F.R.C.P. 19(a)(2)(i) does not require the unnamed DSEs' joinder since the determination of Defendants' rights under their contracts with Plaintiff do not impede, impair, or even implicate, the interests of any unnamed DSE. Plaintiff does not allege that she contracted or has a basis for remedy against the unnamed DSEs, nor have Defendants presented any contract or agreement that would create any liability for the unnamed DSEs in regard to this action. While a future certification of a class may impact this outcome, the Court is currently satisfied that it can remedy the alleged injuries solely between the current parties, all of whom were directly in privity of contract.

Third and finally, F.R.C.P. 19(a)(2)(ii) does not require the unnamed DSEs' joinder since there is no substantial risk of multiple or inconsistent judgments. Defendants argue that there is a real risk of inconsistent judgment if Plaintiff is permitted to recover from unnamed DSEs without having to prove that each individual one was, in fact, deemed a debt adjuster under the statute and engaging in unlawful conduct. (Motion to Dismiss, ECF No. 68 at 19–20). However, as the case currently stands, Plaintiff has named each DSE from which she seeks damages. Each named DSE will have the opportunity to raise appropriate defenses under the statute and Defendants as a whole will not be held liable for the obligations of unnamed DSEs from which Plaintiff has not sought any damages.

Since the DSEs are not necessary parties, they cannot be found to be indispensable, and thus the analysis stops here. The Court will deny Defendants' Motion to Dismiss for Failure to Join a Necessary Party. (ECF No. 68).

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, the Court **DENIES** Defendants' Motion to Dismiss for Failure to State a Claim, (ECF No. 18), and Motion to Dismiss for Failure to Add a Necessary Party, (ECF

No. 68), and further the Court **DENIES as MOOT** the Motion to Dismiss for Failure to State a Claim as to the NJMTA claim asserted in Count III, (ECF No. 18). An appropriate Order will be entered.

Date: March 31, 2022

 /s/ *Christine P. O'Hearn*
**Christine P. O'Hearn**
**United States District Judge**

17