[ECF No. 163]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

---

**FRANCES ANTICO,**
the Executrix of the Estate of
June Germinario,

        **Plaintiff,**

   **v.**

**RAM PAYMENT, LLC, et al.,**

        **Defendants.**

**Civil No. 20-12130**
**(CPO/MJS)**

---

# O P I N I O N   A N D   O R D E R

This matter comes before the Court upon the motion for leave to file a second amended complaint[1] ("Motion") filed by plaintiff Frances Antico, the Executrix of the Estate of June Germinario ("Plaintiff") [ECF No. 163].[2] The Court has received and reviewed

---

[1] The Court notes that Plaintiff originally filed a motion for leave to amend on October 25, 2022. ECF No. 138. However, after depositions were taken (and the motion for leave to amend had already been filed), Plaintiff sought to add additional defendants. ECF Nos. 157-159. Because Defendants did not consent to the addition of these defendants [ECF No. 161], the Court administratively terminated the first motion for leave to amend [ECF No. 138] and directed Plaintiff to file a revised all-inclusive motion for leave to amend, including both the proposed amendments from the first motion [ECF No. 138] and the additional defendants. ECF No. 162.

[2] The Court notes that the original plaintiff who brought this case was June Germinario. The Court was advised on December 8, 2021 that June Germinario had passed away on October 4, 2021. ECF No. 53. Plaintiff's counsel moved to substitute Frances Antico as plaintiff in the case, pursuant to Federal Rule of Civil Procedure

the Motion,[3] as well as the brief in opposition filed by defendants
Account Management Systems, LLC; Scott Austin; Austin Co. LLC;
Stephen Chaya; GS Associated Holdings, LLC (Arizona); GS
Associated Holdings, LLC (California); RAM Payment LLC; Reliant
Account Management Systems, LLC; Reliant Account Management, LLC
(California); Reliant Account Management, LLC (Tennessee); Reliant
Management Services, LLC; Stephen Chaya Trust Agreement; Gregory
Winters; and WST Management, LLC ("Defendants") [ECF No. 164] and
Plaintiff's brief in reply [ECF No. 165]. The Court exercises its
discretion to decide the Motion without oral argument. See Fed. R.
Civ. P. 78; L. Civ. R. 78.1. For the reasons to be discussed,
Plaintiff's Motion is **GRANTED.**

**Background**

This case has a long procedural history, with which the
parties are familiar. Thus, the Court will only recount the facts
and procedural history that are relevant to the current Motion.

_____

25, on December 14, 2021. ECF No. 56. Frances Antico is June
Germinario's daughter, and executrix and sole beneficiary of June
Germinario's estate. ECF No. 56-1 ¶ 3. Ultimately, Defendants
consented to the substitution of Frances Antico as Plaintiff, and
the Court signed an order to that effect on March 16, 2022. ECF
No. 83. For ease of reference, the Court will use "Plaintiff" to
refer to both June Germinario and Frances Antico.

[3] Plaintiff appears to have requested to file ECF No. 163-3 under
seal pursuant to Local Civil Rule 5.3(c)(4). See ECF No. 163-3 at
1-3. However, Plaintiff has not filed the proper motion required
by this rule. The Court shall temporarily seal ECF No. 163-3 and
Plaintiff shall file a single consolidated motion to seal
consistent with Local Civil Rule 5.3(c)(2) within **14 days.**

Plaintiff originally filed this class action in the Superior Court of New Jersey, Law Division, Burlington County on March 22, 2019. ECF No. 1-1. Defendants successfully removed the case to this Court on September 1, 2020. ECF No. 1. Plaintiff alleges that Defendants[4] fraudulently removed funds from the proposed class members' escrow accounts and paid themselves "illegal fees" in violation of the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-2 to § 56:8-2:13, and the New Jersey Debt Adjustment and Credit Counseling Act, N.J.S.A. § 17:16G-1 to § 17:16G-9.[5] ECF No. 19 at 15-16.

Plaintiff filed a motion for class certification on October 23, 2020 [ECF No. 19], which Judge O'Hearn denied without prejudice on March 28, 2022 [ECF No. 89], principally because the Court lacked information regarding whether Plaintiff's and the proposed class members' contracts with Defendants contained arbitration clauses, and what the terms of those arbitration clauses were. The Court was concerned that if Plaintiff's contract with Defendants did not include an arbitration agreement, Plaintiff "may not be a

---

[4] The Court incorporates the factual discussion and the explanation of the relationship between the Defendants in this case summarized in Judge O'Hearn's March 28, 2022 Opinion denying without prejudice Plaintiff's motion for class certification. ECF No. 89 at 3-5.

[5] While the proposed class members' monetary injuries may differ in value, Plaintiff alleges that they are all victims of the same alleged systemic fraud at the hands of the same Defendants and present essentially the same legal questions.

suitable fiduciary for the members of the proposed class who have arbitration agreements" in their contracts with Defendants. Id. at 14. Additionally, Judge O'Hearn noted that "[w]hether Defendants ultimately succeed on a motion to enforce the arbitration agreement remains to be seen" because "[t]he Court needs the actual arbitration agreements that were executed in order to determine whether they are enforceable." Id. at 16. Accordingly, Judge O'Hearn ordered the parties "to complete discovery as to the existence of arbitration agreement(s), the specific language of any such agreement(s), and the number of potential class members who executed them, among other issues[,]" [id. at 17] and granted Plaintiff leave to file a renewed motion for class certification at the end of discovery.

Judge O'Hearn also denied Defendants' motion to dismiss Plaintiff's complaint for failure to state a claim and failure to join necessary parties on March 31, 2022 [ECF Nos. 91-92] and Defendants' motion for reconsideration of that opinion on May 20, 2022. ECF No. 118.

The parties continued with discovery and took depositions through January 2023, during which information was learned by Plaintiff that contributed to the filing of the current Motion.

## Discussion

Plaintiff now seeks leave to amend her amended complaint to (1) add class representatives "whose various contracts with the

4

Ram Defendants contained two differing arbitration clauses as well as contracts with no arbitration clauses"[6] [ECF No. 163-4 at 14-15] and (2) "add Defendants heretofore unknown who have been ascertained through the initial discovery process, who have initiated, participated and benefitted from the alleged wrongful conduct."[7] Id. at 15.

A party may amend its pleading once as a matter of right within either twenty-one days of serving it or if the pleading is one to which a responsive pleading is required, the earlier of twenty-one days following service of the responsive pleading or service of a motion to dismiss under Rule 12(b), (e), or (f) of

---

[6] The proposed plaintiffs are Agnes Stefanelli, Claude Z. Davila, Wayne Strelecki, Marius and Dawn Culda, Raid Assaf, Robert Rovinsky, Greg Rusin, Pamela Kurt, and Jeffery Rothstein. ECF No. 163 at 2.

Plaintiff's second amended complaint includes three proposed subclasses. ECF No. 163-5 at 131-32. These subclasses include: (1) class members without any arbitration clause in their contract; (2) class members with the arbitration clause in their contract that states in part: "In the event there is no resolution, through mediation, any claim or dispute shall be submitted to arbitration . . . and conducted in accordance with the commercial rules of the American Arbitration Association[;]" and (3) class members with an arbitration clause in their contracts which states in part: "In the event there is no resolution through mediation, any claim or dispute shall be submitted to arbitration . . . and conducted in accordance with the commercial rules of the American Arbitration Association . . . Even if arbitration is not permitted, customer specifically waives any right to trial by jury participation in a class action lawsuit and consolidation of claims with any other party." Id.

[7] The proposed defendants are Ram America, Inc; Richard W. Torkelson; Teresa Dodson; SADM Holdings, Inc.; William Ergas; and the William Ergas SD IRA as named Defendants. ECF No. 163 at 2.

the Federal Rules of Civil Procedure. Fed. R. Civ. P. 15(a)(1). Once those deadlines have expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id.

Where a party moves to amend after the deadline in a scheduling order has passed, as in this case, the "good cause" standard of Rule 16(b)(4) of the Federal Rules of Civil Procedure applies. Premier Comp Sols., LLC v. UPMC, 970 F.3d 316, 319 (3d Cir. 2020). "A party must meet this standard before a district court considers whether the party also meets Rule 15(a)'s more liberal standard." Id.

The United States Court of Appeals for the Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." Dole v. Arco Chem. Co., 921 F.2d 484, 486-87 (3d Cir. 1990). A court may deny a party's leave to amend a pleading "where it is apparent from the record that '(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party.'" United States ex rel. Schumann v. Astrazeneca Pharms. L.P., 769 F.3d 837, 849 (3d Cir. 2014) (quoting Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000)).

The Court will address each of Defendants' arguments opposing

Plaintiff's Motion in turn.

    1) <u>Whether good cause exists to consider Plaintiff's Motion under Rule 16(b)(4)</u>

Whether "good cause" exists under Rule 16 depends in large part on the diligence, or lack thereof, of the moving party. <u>See GlobespanVirata, Inc. v. Texas Instruments, Inc.</u>, Civ. No. 03-2854, 2005 WL 1638136, at *3 (D.N.J. July 12, 2005) (quoting <u>Rent-A-Ctr. v. Mamaroneck Ave. Corp.</u>, 215 F.R.D. 100, 104 (S.D.N.Y. 2003)); <u>Premier Comp Sols., LLC</u>, 970 F.3d at 319. Put succinctly, "[a]bsent diligence, there is no 'good cause.'" <u>Chancellor v. Pottsgrove Sch. Dist.</u>, 501 F. Supp. 2d 695, 702 (E.D. Pa. Aug. 8, 2007); <u>see also</u> Advisory Committee Notes to Fed. R. Civ. P. 16 (1983 Amendment) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.").

When examining a party's diligence and whether "good cause" exists for granting an otherwise untimely motion to amend pleadings, courts typically ascertain whether the movant possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the motion to amend before the deadline expired. <u>See Stallings ex rel. Estate of Stallings v. IBM Corp.</u>, Civ. No. 08-3121, 2009 WL 2905471, at *16 (D.N.J. Sept. 8, 2009) (denying plaintiffs' motion to amend because they "had sufficient information to state the proposed claims well

in advance of the Scheduling Order deadline"); <u>Kennedy v. City of Newark</u>, Civ. No. 10-1405, 2011 WL 2669601, at *2 (D.N.J. July 7, 2011) ("The most common basis for finding a lack of good cause is the party's knowledge of the potential claim before the deadline to amend has passed."). If a movant had the knowledge necessary to file a motion to amend prior to the expiration of the Court's deadline as set forth in the scheduling order, and if the movant can provide no satisfactory explanation for the delay, the Court may, in its discretion, deny the motion. <u>See</u> <u>Dimensional Comm'ns, Inc. v. Oz. Optics, Ltd.</u>, 148 F. App'x 82, 85 (3d Cir. 2005) (upholding trial court's finding that the movant could not show "good cause" because it was in possession of the facts underlying its proposed counterclaim well before the deadline for amendment). It is Plaintiff's burden to present the Court with adequate evidence that it acted with due diligence. <u>See</u> <u>Monaco v. City of Camden</u>, 366 F. App'x 330, 334 (3d Cir. 2010).

In this case, a scheduling order was entered on October 26, 2020 setting the deadline by which the parties could amend their pleadings as December 31, 2020. ECF No. 20. Several scheduling orders were entered thereafter extending deadlines relating to pretrial discovery and dispositive motions; however, at no point was the deadline to amend pleadings or add parties extended. Because Plaintiff seeks leave to amend her complaint beyond the December 31, 2020 deadline, Plaintiff must surmount both Rule

16(b)(4) and Rule 15(a)(2).[8]

    A) <u>Proposed Defendants</u>

    Defendants argue that Plaintiff did not act diligently in adding the proposed defendants because (1) this amendment comes "two years and three months" after the Court's deadline to amend pleadings and add parties has passed and (2) each of the proposed defendants was identified in Defendants' 2020 Initial Disclosures or 2021 Answers to Interrogatories, and so Plaintiff knew of their involvement significantly before filing this Motion.

    While Plaintiff does admit that the names of the proposed defendants were disclosed by Defendants early in discovery, Plaintiff argues that she learned the true extent of the proposed defendants' "acts and activities" during the January 2023 deposition of defendant Scott Austin and her review of the Asset Purchase Agreement, which the Court ordered Defendants to produce a full unredacted version to Plaintiff by March 16, 2023 [ECF No. 160]. ECF No. 163-4 at 20-29.

    The Court finds that there is good cause to consider Plaintiff's Motion with respect to the proposed defendants. Although the Court acknowledges that the names of the proposed

---

[8] The deadline for fact discovery, which was originally March 31, 2021 [ECF No. 20], was extended multiple times to January 31, 2023 [ECF No. 137]. However, the Court has since ordered that depositions could resume in April 2023, due to information learned in the first round of depositions. ECF No. 160 at 2.

defendants were identified by Defendants during the early stages
of written discovery, the Court also acknowledges the large number
of entities involved in the alleged underlying scheme, as well as
the complex relationship between these entities. It is reasonable
that Plaintiff, as she represented, did not fully understand the
relationship between and the extent of the various entities'
involvement in the underlying scheme until the deposition of Scott
Austin. See Diebler v. SanMedica Int., LLC, Civ No. 19-20155, 2021
WL 5013617, at *3 (D.N.J. Oct. 28, 2021) ("[T]he Court cannot find
that Plaintiff was previously aware, or should have been aware, of
facts sufficient to formulate and support the Proposed Amendments
prior to the depositions[.]"). "Pursuant to their discretion under
Rule 15, courts generally grant leave to amend where, during the
course of discovery, a party discovers 'new evidence.'" Sabatino
v. Union Twp., Civ No. 11-1656, 2013 WL 1622306, at *6 (D.N.J.
Apr. 15, 2013) (citing Kronfeld v. First Jersey Nat'l Bank, 638 F.
Supp. 1454, 1460 (D.N.J. June 20, 1986) (granting motion to amend
upon discovery of new evidence where it did "not appear that the
amendment would cause undue delay or that plaintiffs [had] a
dilatory motive")).

Additionally, Plaintiff did not even have the full unredacted
version of the Asset Purchase Agreement until March 16, 2023.[9] ECF

---

[9] Plaintiff acknowledges that it knew earlier in discovery that
proposed defendant Ram America, Inc. was the parent company of

No. 160. For these reasons, the Court finds that Plaintiff acted diligently in identifying the proposed defendants and in moving for leave to amend the complaint to add them as defendants at this time.

### B) Proposed Plaintiffs

Plaintiff argues there is good cause to consider Plaintiff's motion to add additional class representatives as plaintiffs despite the scheduling order's deadline for amended pleadings having passed because Plaintiff "was diligent in pursuit of discovery to ascertain the class members who had arbitration clauses in their agreements." ECF No. 163-4 at 32. Plaintiff explained that, "After the court's ruling on the motion for class certification and the filing of answers of the Ram Defendants specifically raising arbitration as a defense, the Plaintiff[']s counsel sent letters to numerous class members whose names and addresses were ascertainable from discovery (and not redacted as some were by defendants) to determine who had arbitration clauses in their agreements, what type and if they would consent to act as

---

defendant Ram Payment, LLC. ECF No. 163-4 at 43-44. However, Plaintiff is seeking to add Ram America, Inc. as a principal and participating defendant, not just a successor defendant, based on information learned in the Asset Purchase Agreement – specifically that Ram America, Inc. and defendant Ram Payment LLC co-purchased assets from defendant Reliant Account Management and continued the business. Id.

a class representative."[10] Id.

Further, Plaintiff argued that it "was impossible" to take the above steps before the Court's deadline for amended pleadings on December 31, 2020 "because no fact discovery had yet taken place by that date, and was extended past its completion date of March 31, 2021. Motions to dismiss and certify the class had been filed but remained undecided, and Plaintiff had no knowledge of the other potential class members." Id.

Defendants argue that good cause does not exist to consider Plaintiff's Motion now that the deadline has passed because Plaintiff did not act diligently in identifying these additional class representatives. ECF No. 164-2 at 16. Specifically, Defendants argue the task was not "tedious" because Defendants had provided "an excel spreadsheet containing the identities of New Jersey clients" to Plaintiff in their November 15, 2021 Answers to Interrogatories that was both "searchable and sortable." Id. at 16, 18. Further, Plaintiff's counsel waited three months after Judge O'Hearn's opinion denying class certification was issued

---

[10] Plaintiff's counsel certified that this was a "tedious task" because "(l) there was over 15,000 pages of discovery to review, (2) the manner in which it was supplied lacked any organization, chronology numerical or alphabetical order, (3) most of the Ram Contracts supplied lacked the first page of the two page contract. The first page of the contract is the page in which the arbitration clause appears. Although the contracts were Bate stamped, they were in neither alphabetical or chronological order[.]" ECF No. 163-1 at 2.

before reaching out to the proposed plaintiffs and waited another three and a half months before filing the first motion for leave to amend to add the plaintiffs. Id. at 18-19.

Despite the fact that the deadline to file amended pleadings was not extended, Judge O'Hearn specifically contemplated in her opinion denying without prejudice Plaintiff's motion for class certification that Plaintiff could seek leave to renew her motion for class certification after discovery related to the proposed class members' arbitration clauses was exchanged. Plaintiff is now seeking to amend her complaint, having exchanged written discovery with Defendants and taken the depositions of various Defendants, to add class representatives so that she can do exactly as the Court ordered. The Court's granting of this motion serves as a practical intermediate step before Plaintiff could file a renewed motion for class certification or Defendants could file a motion to enforce arbitration, which was also contemplated by Judge O'Hearn.[11] See ECF No. 89 at 16.

Accordingly, the Court finds that there is good cause to consider Plaintiff's Motion with respect to adding additional plaintiffs to the complaint to serve as subclass representatives.

---

[11] It is usual practice for a plaintiff to seek leave to amend her complaint to add additional class representatives before filing a motion for class certification. See, e.g., Brown v. Hain Celestial Group, Inc., Civ. No. 11-03082, 2014 WL 6483216 at *6 (N.D. Cal. Nov. 18, 2014); Osada v. Experian Info Solutions, Inc., 290 F.R.D. 485, 487 (N.D. Ill. 2012).

13

This is not a case where Plaintiff disregarded the Court's scheduling order or did not act diligently to obtain the information she needed. Further, it would be inconsistent with the directives of the Court's opinion denying class certification [ECF No. 89] for the Court to not consider Plaintiff's Motion at this time.[12] Allowing Plaintiff to amend her complaint to add the subclass representatives will enable Plaintiff to file a renewed motion for class certification; therefore, Defendants can challenge the merits of adding the new plaintiffs to the class as subclass representatives in response to any such motion. By considering Plaintiff's Motion to add subclass representatives, the Court is not making any findings related to the issue of class certification or the enforceability of the arbitration agreements in the various plaintiffs' contracts with Defendants.

Because the Court finds that there is good cause to consider Plaintiff's Motion under Rule 16(b)(4), it will now consider whether consider whether to grant Plaintiff's Motion under Rule

---

[12] Further, as Plaintiff explains in her Motion [ECF No. 163-4 at 16], Defendants specifically raised the affirmative defense of arbitration in their answers, placing the class members' arbitration agreements in controversy. Plaintiff explains that the arbitration clauses present in the proposed plaintiffs' contracts with Defendants were uncovered during discovery that was exchanged after the Court's March 2022 opinion denying class certification. ECF No. 163-1 at 2 ¶¶ 2–6.

   Once identified, Plaintiff had to obtain consent from the proposed plaintiffs to serve as class representatives, so Plaintiff argues she could not have sought leave to amend to include these plaintiffs any earlier than when she did. Id.

15(a)(2).

    2) <u>Whether Plaintiff's Motion was made with undue delay</u>

Defendants largely repeat their arguments for why good cause does not exist for the Court to consider Plaintiff's Motion under Rule 16(b)(4) to argue that Plaintiff acted with undue delay in filing her Motion. <u>See</u> ECF No. 163-4 at 19-22.

"While simple delay cannot justify denying leave to amend by itself, delay that is 'undue' — a delay that is protracted and unjustified — can place a burden on the court or counterparty, or can indicate a lack of diligence sufficient to justify a discretionary denial of leave." <u>Mullin v. Balicki</u>, 875 F.3d 140, 151 (3d Cir. 2017). There is no presumptive period in which delay becomes undue. <u>Id.</u> Thus, an assessment of undue delay requires courts to "focus on the movant's reasons for not amending sooner" while "bearing in mind the liberal pleading philosophy of the federal rules." <u>Cureton v. Nat'l Collegiate Athletic Ass'n</u>, 252 F.3d 267, 273 (3d Cir. 2001) (internal citations omitted).

Because the Court found that good cause exists to consider Plaintiff's Motion under Rule 16(b)(4), the Court also finds that Plaintiff did not act with undue delay, bad faith, or dilatory motive in identifying other potential class representatives and adding other defendants. This weighs in favor of granting Plaintiff's Motion. <u>See</u> <u>Physicians Healthsource, Inc. v. Advanced Data Sys. Int., LLC</u>, Civ. No. 16-3620, 2019 WL 11270470, at *3

(D.N.J. June 12, 2019) (discussing relationship between good cause and undue delay standards).

   3) <u>Whether Plaintiff's proposed second amended complaint is futile due to her alleged failure to name necessary parties</u>

Defendants argue that the proposed second amended complaint fails to name the "Debt Settlement Entities" ("DSEs") associated with each of the proposed plaintiffs, and because the DSEs are necessary parties under Federal Rule of Civil Procedure 19, the Motion should be denied as futile. ECF No. 164-2 at 22-26. Defendant further argues that the allegations for each of the proposed additional plaintiffs identify these entities and alleges they "are co-participants/conspirators to the alleged violations of RICO and the CFA." <u>Id.</u> at 25. Additionally, because Plaintiff seeks "disgorgement of all illegal fees, charges and costs and other funds not already paid to creditors of the victimized Plaintiffs so as to restore them any money acquired by the unlawful acts of the Defendants," [ECF No. 163-5 ¶ 81(E)], "the Court would lack jurisdiction to conduct such a disgorgement against the unnamed DSEs as they are **not** parties to this litigation." ECF No. 164-2 at 25 (emphasis in original).

Although the Court previously denied Defendants' motion to dismiss Plaintiff's complaint for failure to join necessary parties on Mach 31, 2022 [ECF Nos. 91-92], Defendants argue the Court's finding was only limited to unnamed DSEs with respect to

Plaintiff. But now, Defendants argue, "with the introduction of additional named plaintiffs, and allegations made against intentionally unnamed DSEs, the Court's findings would necessitate the naming of the DSEs related to each newly named Plaintiff." ECF No. 164-2 at 25.

Plaintiff argues in response that (1) "[a]ttempting to raise issues under FRCP 19 is improper and premature" [ECF No. 165 at 14]; (2) the DSEs "have no legally protected interest relating to the subject matter of this action that would be impaired or impeded" [id. at 14-15]; and (3) she seeks "an award only against the named Defendants for all the illegal fees, even those paid to the DSEs" [id. at 15].

Courts look to the pleading standard for claims to determine the futility standard for amended complaints. See Parker v. City of Newark, Civ. No. 17-4615, 2018 WL 10809348, at *4 (D.N.J. Sept. 13, 2018). Federal Rule of Civil Procedure 8(a) provides that a claim for relief must state, in relevant part, "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The Court typically evaluates whether the claims "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (internal quotations omitted); Bussicolo v. Babcock Power, Inc., Civ. No. 13-7192, 2014 WL 4611544 (D.N.J. Sept. 15, 2014) (quoting Shane v.

Fauver, 213 F.3d 113, 115 (3d Cir. 2000) ("In assessing 'futility' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6).")).

Federal Rule of Civil Procedure 19(a) states that a person must be joined as a party if "in that person's absence, the court cannot accord complete relief among existing parties[,]" Fed. R. Civ. P. 19(a)(1)(A), or "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. (a)(1)(B). "[A] party is only 'necessary' if it has a legally protected interest in the action; a financial interest is not sufficient." ECF No. 91 at 14 (citing Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216, 228 (3d Cir. 2005) ("The declaratory judgment action turns on the interpretation of the contracts of insurance between PMP and Liberty Mutual. It has nothing to do with whether PMP caused asbestos-related bodily injuries to Appellants or anyone else.")).

In denying Defendants' motion to dismiss for failure to join necessary parties, the District Court noted that Plaintiff did "not state any claims or make allegations against the unnamed DSEs, [so] it appears that full relief can be granted in their absence."

18

ECF No. 91 at 15. Additionally, the Court noted that "whether or not the unnamed DSEs are contractually obligated to indemnify Defendants is immaterial to Plaintiff's claims and thus their necessity to this action." Id.

The Court did note, however, having just denied Plaintiff's motion for class certification, that "the allegations remain at this time exclusively related to the Plaintiff and named Defendants – with which Plaintiff had contracts and tangible injury." Id. Further, "Plaintiff does not allege that she contracted or has a basis for remedy against the unnamed DSEs, nor have Defendants presented any contract or agreement that would create any liability for the unnamed DSEs in regard to this action. While a further certification of a class may impact this outcome, the Court is currently satisfied that it can remedy the alleged injuries solely between the current parties, all of whom were directly in privity of contract." Id. at 15-16 (emphasis added).

Due to the Court's contemplation that the addition of class members may change the analysis with respect to whether certain DSEs are necessary parties, the Court finds it premature to determine at this stage whether the DSEs associated with the proposed plaintiffs are necessary parties to this action. For that reason, and noting the liberal approach to granting leave to amend, the Court will not deny Plaintiff's motion with respect to adding

the proposed plaintiffs on this ground.[13] See <u>Harrison Beverage Co.</u>
<u>v. Dribeck Imps., Inc.</u>, 133 F.R.D. 463, 469 (D.N.J. 1990) ("If a
proposed amendment is not clearly futile, then denial of leave to
amend is improper.") (quoting 6 Wright, Miller & Kane, Federal
Practice & Procedure § 1487 at 637–642 (2d ed. 1990)).

    4) <u>Whether Plaintiff's proposed second amended complaint is</u>
       <u>futile because her debt validation activity falls outside</u>
       <u>the scope of the New Jersey Debt Adjustment Act</u>

Defendants argue that "Plaintiff Germinario is no longer an
appropriate class representative for a complaint structured around
violations of the Debt Adjustment statute. Ms. Germinario's claims
fall outside the scope of the putative class. Therefore, any
amendment with Ms. Germinario as a class representative for a
certain group of individuals based on alleged violations of the
Debt Adjustment Act must fail."[14] ECF No. 164-2 at 28.

Plaintiff argues in response that "Defendants are wrong in

---

[13] Defendants do not raise any futility arguments with respect to
the proposed Defendants, nor could they. See <u>Chesler v. City of</u>
<u>Jersey City</u>, Civ. No. 15-1825, 2019 WL 6318301, at *3 (D.N.J. Nov.
26, 2019) (finding that defendants named in the first complaint do
not have standing to oppose the plaintiff's motion for leave to
amend the complaint to add new defendants and new claims against
those defendants on futility grounds); <u>but see Custom Pak</u>
<u>Brokerage, LLC v. Dandrea Produce, Inc.</u>, Civ. No. 13-5592, 2014 WL
988829, at *2 (D.N.J. Feb. 27, 2014) (finding that current
defendants only possess standing to challenge an amended complaint
that proposes new parties undue delay and/or prejudice grounds).

[14] Defendants argue that Plaintiff "retained the services of
Guardian Legal Center for Debt Validation services," which is
"separate and distinct from Debt Adjustment," per New Jersey
statutes. ECF No. 164-2 at 26-27.

their contention" because the conduct of Guardian Legal Center,[15] with which Plaintiff contracted, was a "debt adjustment function." ECF No. 165 at 16 ("Guardian Legal Center is appointed as Plaintiff's agent with 'full power and authority to represent [Plaintiff] in negotiating the reduction, settlement and payment of accounts owed to creditors."). Additionally, Plaintiff argues that documents received by Plaintiff from defendant RAM "state[d] it is acting on behalf of debt settlement companies not debt validation companies." Id. Lastly, Plaintiff argues that even if Plaintiff cannot represent the class, for this or for any other reason, Plaintiff has added an additional plaintiff to the complaint whose contract with Defendants also did not contain an arbitration clause, who can represent that subclass in Plaintiff's stead. Id. at 17.

Because this argument calls into question the propriety of Plaintiff as a class representative, it is premature for the Court to address this argument at this stage. See generally Durso v. Samsung Electronics America, Inc., Civ. No. 12-5352, 2013 WL 5947005, at *3 (D.N.J. Nov. 6, 2013) (quoting 6803 Blvd. E., LLC v. DIRECTV, Inc., Civ. No. 12-2657, 2012 WL 3133680 (D.N.J. July 31, 2012)) (explaining that courts do not decide issues related to

---

[15] Guardian Legal Center was the predecessor to Active Debt Solutions, Inc., which was the predecessor to defendant Active Debt Solutions, LLC.

21

the propriety of the class prior to the filing of a motion to certify the class). For that reason, the Court will not deny Plaintiff's Motion with respect to adding proposed plaintiffs on this ground. Defendants reserve all rights to challenge the sufficiency of Plaintiff as a class representative on any ground at a later stage in this litigation.

5) Whether Plaintiff's proposed second amended complaint is futile because proposed class representatives are subject to contractual language which prohibits class action litigation

Defendants argue that because three of the proposed plaintiffs had contracts with Defendants that included arbitration clauses, they are precluded from class action litigation and so cannot be added as plaintiffs. ECF No. 164-2 at 28-30. Plaintiff responded, "[R]aising such an argument in a brief in opposition to a motion to amend seeking affirmative relief is improper." ECF No. 165 at 18. Further, "[t]he law in New Jersey does not recognize waivers of the right to participate in class actions in all circumstances." Id.

Because this argument is so interrelated with the issue of class certification and the enforceability of the arbitration agreements, it is premature for the Court to address this argument at this stage. See, e.g., Durso, Civ. No. 12-5352, 2013 WL 5947005, at *13; Weiss v. Regal Collections, 385 F.3d 337, 347-48 (3d Cir. 2004) ("Allowing time for limited discovery supporting

certification motions may ... be necessary for sound judicial administration.").  Recognizing the additional discovery that has taken place since Judge O'Hearn's March 28, 2022 Opinion [ECF No. 89], the potential impact that this additional discovery concerning the arbitration agreements could have on the Court's determination of class certification as well as any motion brought by the Defendants, which the Court specifically contemplated, and noting the liberal standard to amend pleadings, the Court will grant Plaintiff's Motion.[16]

---

[16] Defendants also argue that "the amendment of additional named plaintiffs and defendants would unduly delay proceedings by broadening the scope of discovery, including additional party depositions. For those reasons, it is prejudicial to the Defendants and would inhibit judicial efficiency." ECF No. 164-2 at 21-22.

"Prejudice is generally evaluated by looking at whether the amendment would: (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial; (2) significantly delay the resolution of the dispute; or (3) prevent the non-moving party from bringing a timely action in another forum." High 5 Games, LLC. v. Marks, Civ. No. 13-7161, 2017 WL 349375, at *4 (D.N.J. Jan. 24, 2017) (citing Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004)). "The fact that some additional discovery may result from [a party's] amendment is not enough to establish the sort of prejudice necessary to deny [that party's] motion." Evonik Degussa GMBH v. Materia, Inc., Civ. No. 09-636, 2011 WL 13152274, at *6 (D. Del. Dec. 13, 2011) (permitting amendment under Rule 15 despite the resulting need to conduct further depositions); see also Williams v. City of York, Civ. No. 15-0493, 2016 WL 2610007, at *6 (M.D. Pa. May 6, 2016) (permitting amendment under Rule 15 despite potential need for further depositions, stating that "[i]nasmuch as the amendment would result in prejudice ... it can be cured by extending the discovery deadlines[.]").

The Court does not find that Defendants have met their burden with respect to proving they will be prejudiced by the Court granting Plaintiff's Motion. The Court has already advised that Plaintiff may refile a motion for class certification, so this

For the foregoing reasons, **IT IS** on this **8th day** of **September 2023,**

ORDERED that Plaintiff's Motion is **GRANTED**; and it is further

**ORDERED** that Plaintiff shall serve a copy of the second amended complaint, consistent with the foregoing, on all Defendants in accordance with the Federal Rules of Civil Procedure; and it is further

**ORDERED** that the Court will convene a status conference with counsel on **October 19, 2023** at **10:30 a.m.** in Courtroom 3C, at which it will reset scheduling deadlines and address the discovery dispute. The parties should meet and confer and submit a letter to the Court by **September 22, 2023** advising what, if any, discovery issues remain from the previously filed letters [ECF Nos. 166, 168] or if any additional issues have arisen.

s/ Matthew J. Skahill
MATTHEW J. SKAHILL
United States Magistrate Judge

cc:  Hon. Christine P. O'Hearn
     United States District Judge

---

motion for leave to file an amended complaint is a precursor to that motion, and will not unnecessarily delay the progress of this case.