# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

FRANCES ANTICO, THE EXECUTRIX OF THE ESTATE OF JUNE GERMINARIO, *et al.*,

    Plaintiffs,

v.

RAM PAYMENT, LLC T/A RELIANT ACCOUNT MANAGEMENT, *et al.*,

    Defendants.

No. 1:20-cv-12130

**OPINION**

**APPEARANCES**:

Joseph Michael Pinto
POLINO AND PINTO, P.C.
720 East Main Street
Suite 1C
Moorestown, NJ 08057

Carl D. Poplar
1010 Kings Highway South
Building Two
Cherry Hill, NJ 08034

    *On behalf of Plaintiffs*.

Shaji M. Eapen
METHFESSEL & WERBEL, ESQS.
2025 Lincoln Highway
Suite 200
P.O. Box 3012
Edison, NJ 08818

    *On behalf of Moving Defendants*
    *William Ergas and William Ergas SD IRA.*

Stephen M. Orlofsky
David Dorey

Michael Ray Darbee
Devan A. McCarrie
BLANK ROME LLP
300 Carnegie Center,
Suite 220
Princeton, NJ 08540

>   *On behalf of Moving Defendants*
>   *Richard Wade Torkelson, Teresa Dodson,*
>   *and SADM Holdings, Inc.*

**O'HEARN, District Judge.**

This matter comes before the Court on two Motions to Dismiss Plaintiffs', Frances Antico, the Executrix of the Estate of June Germinario, Agnes Stefanelli, Claude Z. Davila, Wayne Strelecki, Marius Culda, Dawn Culda, Raid Assaf, Robert Rovinsky, Executor of the Estate of Susan Rovinsky, Greg Rusin, Pamela Kurt, and Jeffrey Rothstein on behalf of themselves and all other class members similarly situated (collectively, "Plaintiffs"), Second Amended Complaint for Lack of Personal Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) by Defendants William Ergas and William Ergas SD IRA's (collectively, "Ergas Defendants"), (ECF No. 275), and Defendants Richard Torkelson, Teresa Dodson, and SADM Holdings, Inc. ("SADM") (collectively, "SADM Defendants"), (ECF No. 277). The Court did not hear argument pursuant to Local Civil Rule 78.1. For the reasons that follow, both Defendants' Motions are **GRANTED**.

I.  **BACKGROUND**

The Court has issued two Opinions in this case that lay out the factual and procedural background of this case in detail. (ECF Nos. 89, 91). The Court incorporates the factual recitations included in those prior Opinions here and will only briefly address additional facts that are relevant to the present Motions.

Plaintiffs added the Ergas Defendants and SADM Defendants in their Second Amended Complaint ("SAC"). (ECF No. 210). Generally, Plaintiffs allege these Defendants, and many

2

others, engaged in an alleged unlawful debt adjustment and money transmission scheme. These Defendants were referred to as "Participating Defendants" in the SAC. (SAC, ECF No. 210, ¶ 3). The SAC describes the parties' relationships with the other named Defendants. Specifically, as to the Ergas Defendants, the SAC alleges William Ergas ("Ergas"), a California resident, and Ergas SD IRA, bought Defendant Teresa Dodson's ("Dodson") interest in Defendant Austin Co., LLC ("Austin Co."). *Id*. at ¶ 27. Defendants Richard Wade Torkelson ("Torkelson"), Teresa Dodson ("Dodson"), and Scott Austin ("Austin") formed Austin Co. and transferred their interest in Defendant WST Management, LLC ("WST") to Austin Co. *Id*. Torkelson, a California resident, was "a member of WST and Austin Co., through SADM" and was on the Board of Directors of Defendant RAM America, Inc. *Id*. Dodson, a Texas resident, was a member of WST and Austin Co. before she sold her interest in Austin Co. to Ergas. *Id*.

Plaintiffs allege the Ergas Defendants then converted the interest in Austin Co. to an interest in Defendant GS Associated Holdings, LLC ("GS"). *Id*. Torkelson, Dodson, SADM, Ergas, and Ergas SD IRA allegedly managed and operated Defendants RAM Payment, LLC, GS, WST, and Austin Co. *Id*. Ergas SD IRA also owns 4.7% of Defendant Reliant Account Management, LLC (Tennessee) ("RAM Tennessee"). *Id*. at ¶ 42.

Through these relationships and their participation in the alleged debt adjustment and money transmission scheme, Plaintiffs allege all of these Defendants, referred to as "Participating Defendants," violated New Jersey RICO law, N.J.S.A. 17:15C-2 (Count One), the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-2 (Count Two), New Jersey Debt Adjustment and Credit Counseling Act, N.J.S.A. 17:16G-1, *et seq.* (Count Three), committed civil conspiracy (Count Four), were unjustly enriched (Count Five), and that their actions were unconscionable (Count Six).

3

## II. PROCEDURAL HISTORY

The Court incorporates its earlier recitation of the procedural history of this lengthy case, *see* (ECF No. 89), except to add the following. After the Court's denial of Plaintiffs' Motion to Certify Class, (ECF No. 90), Motions to Dismiss, (ECF No. 92), and a subsequent Motion for Reconsideration, (ECF No. 118), Plaintiffs filed a Second Amended Complaint, (ECF No. 210). On February 23, 2024, the Ergas Defendants and SADM Defendants each filed Motions to Dismiss, (ECF Nos. 275 and 277), to which Plaintiffs filed one opposition, (ECF No. 289). On April 1, 2024, the Ergas Defendants and SADM Defendants each filed a reply. (ECF Nos. 293–94).

## III. LEGAL STANDARD

On a Rule 12(b)(2) motion, the plaintiff bears the burden of demonstrating sufficient facts to show that personal jurisdiction exists. *See Marten v. Godwin*, 499 F.3d 290, 295–96 (3d Cir. 2007). Where the parties dispute factual allegations, however, "the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence." *Patterson v. FBI*, 893 F.2d 595, 603–04 (3d Cir. 1990) (citation omitted). In deciding this issue, a court "must accept the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002). If the district court does not hold an evidentiary hearing, the plaintiff "need only establish a prima facie case of personal jurisdiction." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007).

## IV. DISCUSSION

The Ergas Defendants maintain that the SAC should be dismissed with prejudice for lack of personal jurisdiction. (Ergas Def. Br., ECF No. 275-2 at 3). Specifically, they argue they lack the continuous and systematic contacts and the purposeful availment and minimum contacts

necessary with New Jersey to establish general and specific jurisdiction, respectively. *Id*. at 5–11. The SDAM Defendants similarly argue they lack such contacts and are not subject to general or specific jurisdiction in New Jersey. (SADM Def. Br., ECF No. 277 at 5–13). Conversely, Plaintiffs maintain that the evidence clearly demonstrates the Ergas and SADM Defendants' knowing and active involvement in every component of the alleged unlawful debt settlement and payment process and are subject to both specific and general jurisdiction. (Pla. Br., ECF No. 289 at 32).

Under Federal Rule of Civil Procedure 4(k), a District Court typically exercises personal jurisdiction according to the law of the state where it sits. *See* FED. R. CIV. P. 4(k)(1)(A). Additionally, the Court must apply the principles of due process under the United States Constitution. *Onishi v. Chapleau*, No. 20-13001, 2021 WL 651161, at *2 (D.N.J. Feb. 19, 2021). "In New Jersey, this inquiry is collapsed into a single step because the New Jersey long-arm statute permits the exercise of personal jurisdiction to the fullest limits of due process." *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998). Accordingly, in New Jersey, parties who have constitutionally sufficient "minimum contacts" with New Jersey are subject to suit here. *Miller Yacht Sales, Inc. v. Smith,* 384 F.3d 93, 96 (3d Cir. 2004). Minimum contacts are analyzed in the context of general jurisdiction or specific jurisdiction. *See Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 334 (3d Cir. 2009).

Additionally, courts in the Third Circuit generally allow jurisdictional discovery.[1] *See Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997). "Jurisdictional discovery should not, however, serve as a fishing expedition into the underlying merits, all while

---

[1] Though Plaintiffs only address jurisdictional discovery to say that Defendants' argument regarding jurisdictional discovery is either "insincere or uninformed," the Court will nevertheless address it. *See* (Pla. Br., ECF No. 289 at 47).

under the guise of jurisdictional discovery." *Lehrer v. Blue Mountain Ski Area & Resort*, No. 23-02762, 2024 WL 1928459, at *2 (D.N.J. Apr. 30, 2024) (*quoting Marchionda v. Embassy Suites, Inc.*, 122 F. Supp. 3d 208, 211 (3d Cir. 2015)). Jurisdictional discovery, thus, is permitted only in cases where there is "some competent evidence to demonstrate that personal jurisdiction over a defendant might exist before allowing discovery to proceed." *Id*. (quoting *Feacher v. Intercontinental Hotels Grp.*, No. 05-613, 2006 WL 8458198, at *4 (D.N.J. July 11, 2006)). Finally, "[w]hen the lack of personal jurisdiction is clear, further discovery serves no purpose and should be denied." *Id*. (quoting *Feacher*, 2006 WL 8458198, at *4).

### A. General Jurisdiction

"A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 317, (1945)). General jurisdiction is also triggered when an individual is domiciled in the forum state. *See Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 684 (D.N. J, 2015) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)) ("'[A]n 'individual's domicile,' or home, constitutes the paradigmatic 'forum for the exercise of general jurisdiction.'"). And for corporations, the place of incorporation and principal place of business are "paradig[m] . . . bases for general jurisdiction." *Daimler*, 571 U.S. at 137 (2014).

### 1. The Ergas Defendants

In his declaration, Ergas states that he is a lifelong California resident, aside from a fifteen month stay in Oklahoma. (Ergas Dec., ECF No. 275-2 at ¶ 1). He states that he has never lived or

6

worked in New Jersey, owned or leased property in New Jersey, held a bank account in a New Jersey bank, or served as a registered agent for any New Jersey business. *Id.* at ¶¶ 1–7. As for his connection to RAM or any entity in this litigation, Ergas states that he has never been an officer, director, or employee of *any* of the entities involved in this litigation. *Id*. at ¶¶ 8–9. Ergas explains the only connection that he has to any of the entities in this case stems from an IRA he owns, Ergas SD IRA, that holds 4.7 percent Class B interest in Defendant Accounting Management Systems, LLC, ("AMS"), formerly RAM, which is a Tennessee corporation. *Id*. at ¶ 10. Guaranty Bank and Trust is the custodian of the Ergas SD IRA, located in Texas. *Id*. at ¶ 12. Additionally, the Ergas SD IRA has never owned or leased real property in New Jersey, nor does it have a registered agent for service of process in New Jersey. *Id*. at ¶ 13.

As an initial matter, it is entirely unclear how Plaintiffs can sue an IRA, especially a self-directed IRA, like the one at issue here.[2] Indeed, "[w]hen the IRA is a self-directed, custodial account, the IRA owner is managing the IRA, although a custodian would be named to hold the IRA assets." *In re Farber*, No. 21-12147, 2022 WL 1230547, at *7 (Bankr. E.D. Pa. Apr. 26, 2022); *Hudak v. Apostolate for Fam. Consecration, Inc.*, No. 22-173, 2023 WL 5670713, at *7 (W.D. Pa. July 26, 2023). Moreover, a self-directed IRA is not a separate legal entity from its owners. *See Regions Bank v. Kaplan*, No. 16-2867, 2017 WL 2868413, at *1 (M.D. Fla. Apr. 10, 2017); *In re Vaugh Co., Realtors*, No. 10-10759, 2014 WL 271632, at *1 (Bankr. D.N.M. Jan. 23, 2014) (collecting cases).

Here, Ergas is the owner of the IRA, and has been named as a defendant in this litigation. As Ergas is solely managing the IRA, this self-directed account is not a separate entity that can be sued independently. Nevertheless, Plaintiffs fail to provide any evidence suggesting this self-

---

[2] Though neither party briefed this issue, the Court will address it.

directed retirement account has any connection to New Jersey, let alone a substantial one. Its only connection is its minority interest, specifically 4.7 percent, it holds in AMS, which is entirely insufficient to show continuous and systematic contact with New Jersey.

Further, "the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence." *Patterson v. FBI*, 893 F.2d 595, 603–04 (3d Cir. 1990) (citation omitted). Here, while Plaintiffs' opposition includes exhibits, it fails to contain sworn affidavits or any document authenticating the attached exhibits. Nevertheless, even considering the documents attached, Plaintiffs fail to point to any evidence even remotely suggesting that New Jersey has general jurisdiction over the Ergas Defendants.[3]

It is undisputed that Ergas is domiciled in California. (SAC, ECF No. 210, ¶ 27). And Plaintiffs do not contend that he was served in New Jersey. As such, this Court does not have general jurisdiction over Ergas. *See Smith v. Bishop*, No. 20-12526, 2021 WL 1820487, at *2 (D.N.J. May 6, 2021) ("General jurisdiction for individual defendants is based either on their domicile or presence within a jurisdiction when they are served."); *Haller v. Usman*, No. 22-773, 2024 WL 124629, at *4 (D.N.J. Jan. 10, 2024) (finding court did not have general jurisdiction over defendant who was not domiciled nor served in New Jersey); *S.S. v. Collins*, No. 23-0892, 2024 WL 3594350, at *4 (D.N.J. July 31, 2024) ("[T]he Court does not have general jurisdiction over Defendant, who Plaintiff alleges is a 'resident' of Oregon."). Thus, there is no general jurisdiction over Ergas or Ergas SD IRA.

---

[3] Plaintiffs submitted forty-two exhibits with their opposition brief. (ECF 289). The exhibits include what appear to be pages printed from various websites; pleadings, orders, and various documents related to other lawsuits; and excerpts of deposition transcripts. There is no accompanying certification setting forth the nature or origin of these documents or how they are relevant to the issues presented in the Motions. Nevertheless, even considering the documents, there is nothing therein which remotely supports a finding of jurisdiction, either specific or general, as to the Moving Defendants.

2. The SADM Defendants

As for Torkelson's declaration, he states that he is a resident of Tennessee and does not own or lease any personal or real property in New Jersey. (Torkelson Dec., ECF No. 277-2 at ¶ 2–3). He also states that he has never made or received any money from any of the Plaintiffs nor entered into any agreements or contracts with them. *Id*. at ¶¶ 5, 11. Torkelson also states he has never engaged in business or transacted with any business in New Jersey, entered into any contract to supply goods or services in New Jersey, or conducted or solicited business in New Jersey. *Id*. at ¶¶ 6–8, 12.

Torkelson states he is the sole shareholder of SADM, a Tennessee corporation with its principal place of business in Franklin, Tennessee, and as such, he owns 100 percent of the stock of SADM Holdings, Inc. *Id*. SADM owns 40 percent of Defendant Austin Co., which in turn owns 60.2 percent of Defendant AMS. *Id*. Defendant AMS owns 40 percent of Defendant RAM America. *Id*. at ¶ 22. He also served on the RAM America Board of Directors from January 2019 to March 2021. *Id*. During his tenure on the Board of Directors, Torkelson claims he was not involved in any business decisions related to New Jersey. *Id*. at ¶¶ 23–24. SADM does not have any bank accounts, agents, employees, or property in New Jersey. *Id*. at ¶¶ 33–35. Torkelson states that SADM has not advertised, engaged in any business, entered into any contracts, or solicited business in New Jersey. *Id*. at ¶¶ 36–39, 42.

Dodson is a resident of Texas and does not own or lease any personal or real property in New Jersey. (Dodson Dec., ECF No. 277-3 at ¶ 2–3). She also states that she has never made or received any money from any of the Plaintiffs nor entered into any agreements or contracts with them. *Id*. at ¶¶ 5, 8–9. She states that she has never engaged in or transacted with any business in New Jersey, entered into any contract to supply goods or services in New Jersey, or conducted or

solicited business in New Jersey. *Id*. at ¶¶ 6–8, 12. She does, however, acknowledge that she previously held an interest in WST but sold her interest to Ergas in 2016. *Id*. at ¶ 23. She denies ever holding any interest in Austin Co. *Id*.

Plaintiffs' evidence is similarly deficient for the SADM Defendants as it also does not contain any affidavits disputing Defendants' declarations or certifications regarding the attached exhibits as required. Nonetheless, neither Torkelson or Dodson are domiciled in New Jersey nor does Plaintiff allege they were served here. As such, as with Ergas, Plaintiffs have not established general jurisdiction over these Defendants.

Additionally, as SDAM is not incorporated or headquarters in New Jersey, its business operations in New Jersey must be so substantial to give rise to the exceptional case of general jurisdiction. "[G]eneral jurisdiction may [also] arise in the 'exceptional case' where 'a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State.'" *Display Works, LLC v. Bartley*, 182 F. Supp. 3d 166, 173 (D.N.J. 2016) (citation omitted); *see also Daimler AG*, 571 U.S. at 139 n.19. "Such an exceptional case requires a plaintiff to furnish at least some evidence that reasonably suggests that a corporate entity's contacts with the forum state are so substantial that they surpass the entity's contacts with other states." *Abira Med. Lab'ys, LLC v. CoreSource, Inc.*, No. 23-03777, 2024 WL 3964293, at *3 (D.N.J. Aug. 28, 2024). Plaintiffs fail to point to any evidence suggesting this is such an exceptional case.

In fact, the sole mention of SADM in Plaintiffs' opposition brief is in reference to it being, along with two other companies, a shell company in which money was passed through. (Pla. Br., ECF No. 289 at 15). There is no evidence that SADM had any contacts with New Jersey. Indeed, according to Plaintiffs, it is merely a shell corporation. As such, Plaintiffs fail to point to any

10

evidence suggesting SADM's continuous and systematic contacts with New Jersey and thus, the Court does not have general jurisdiction over SADM. *See Abira Med. Lab'ys, LLC*, 2024 WL 3565787, at *4 (concluding no general jurisdiction over foreign corporation after finding the plaintiff's sole argument that corporation may owe the plaintiff a sum of money alone did not support that the defendant operated in a meaningful way in New Jersey); *Ontel Prod. Corp. v. Mindscope Prod.*, 220 F. Supp. 3d 555, 560 (D.N.J. 2016) ("[Plaintiff] does not provide any evidence that reasonably suggests that indirect sales in New Jersey occur at all or that those sales surpass [the defendant's] third party sales made elsewhere.").

### B. Specific Jurisdiction

"Specific jurisdiction over a defendant exists when that defendant has 'purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities.'" *Miller Yacht Sales, Inc.*, 384 F. 3d at 96 (*quoting Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). Determining whether there is specific jurisdiction is a three-part inquiry. First, the defendant must have "purposefully directed [its] activities" at the forum. *Burger King Corp.*, 471 U.S. at 472 (1985) (alteration in original). Second, "the litigation must 'arise out of or relate to' at least one of those activities." *O'Connor*, 496 F.3d at 317 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 (1984)). And third, "if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise 'comport[s] with 'fair play and substantial justice.'" *Id*. (quoting *Burger King,* 471 U.S. at 476).

For the first part of the inquiry, the defendant must have "purposefully avail[ed] itself of the privilege of conducting activities within the forum." *Id*. (alteration in original) (quoting *Hanson v. Denckla,* 357 U.S. 235, 253 (1958)). Though physical entrance is not required, "what is

11

necessary is a deliberate targeting of the forum." *Id*. (citations omitted). "Thus, the unilateral activity of those who claim some relationship with a nonresident defendant is insufficient." *Id*. (citation omitted).

The second inquiry, the United States Supreme Court in *Ford Motor Co. v. Montana Eighth Judicial District Court*, recently explained, can be satisfied by showing there is a "strong relationship among the defendant, the forum, and the litigation[.]" 592 U.S. 351, 359–60 (2021).

As for the third inquiry, "[t]he existence of minimum contacts makes jurisdiction presumptively constitutional, and the defendant 'must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" *O'Connor*, 496 F.3d at 324 (quoting *Burger King Corp.*, 471 U.S. at 477).

    1. <u>Ergas Defendants</u>

Again, Plaintiffs fail to explain how the Ergas SD IRA can be separately sued, let alone how the self-directed account could have purposely directed any activity to residents in New Jersey separate and apart from any action on the part of its owner, Ergas, or the custodian, Guaranty Bank. As for Ergas, putting aside the deficiencies with the evidence submitted by Plaintiffs, his only activities arise from his ownership of an IRA, which holds a minority interest in one of the "Principal Defendants," AMS. In fact, Plaintiffs' opposition focuses on Ergas's involvement with a company, Agile, which is not even a named defendant or otherwise involved in this litigation. This is not nearly enough to show Ergas purposefully availed his activities to residents in New Jersey, let alone show a strong relationship with New Jersey. Overall, these facts fall woefully short of that which is needed to find personal jurisdiction. *See O'Connor v. Dodge Co., Inc*, No. 16-5177, 2016 WL 6824372, at *3 (D.N.J. Nov. 17, 2016) (rejecting a "mere conclusory statement" for establishing personal jurisdiction"); *see also Performance Screen Supply, LLC v.*

*Ryonet Corp.*, No. 22-6031, 2023 WL 4898780, at *2 (D.N.J. July 31, 2023) (finding no personal jurisdiction as to CEO of company who, although attended trade shows in New Jersey, personally lacked any contacts with the forum state, even though the company was subject to personal jurisdiction in New Jersey). As such, there is no specific jurisdiction over Ergas.

2. SADM Defendants

Though Plaintiffs claim Torkelson is the primary actor in this scheme, their arguments as to his involvement in the alleged scheme fall markedly short of showing that Torkelson *purposefully availed* his activities to residents in New Jersey. In fact, Plaintiffs' opposition almost entirely focuses on discussing the alleged scheme and omits the critical analysis: Torkelson's connections with New Jersey. Moreover, Plaintiffs do not dispute Torkelson's declaration in which he states that he never made any business decision related to New Jersey nor advertised in New Jersey. Though Plaintiffs maintain they were harmed, they do not point to any evidence underscoring Torkelson's actions *in this State*, let alone actions in New Jersey that predominate over those in other states. Plaintiffs' evidence suggesting, at best, a vague connection with the other entities involved in this litigation does not establish specific jurisdiction over Torkelson. *See Walden v. Fiore*, 571 U.S. 277, 286 (2014) (explaining personal jurisdiction cannot be based on "the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State."); *see also Helicopteros Nacionales de Colombia, S.A*, 466 U.S. at 417 (explaining personal jurisdiction cannot be based on the "unilateral activity of another party or a third person").

For the same reasons, there is no specific jurisdiction over Dodson. Though, again, Plaintiffs claim she was "actively involved" in the scheme, laying out the scheme does little to explain how Dodson *purposefully availed* her activities to residents in New Jersey or show a *strong*

13

*relationship* between Dodson and New Jersey. Merely stating an alleged connection with entities that "did business in New Jersey," and "solicited New Jersey customers", (Pla. Br., ECF No. 289 at 17), does not in any way suggest that *Dodson, herself*, engaged in business in New Jersey or solicited New Jersey customers, or even that she directed the entities to do so, *and* that she did so more in New Jersey than in any other state. *See Seltzer v. I.C. Optics, Ltd.*, 339 F. Supp. 2d 601, 612 (D.N.J. 2004) (citation omitted) ("[N]ational advertisements not directed at a particular forum, and advertisements which are not direct solicitations, but rather merely 'spread knowledge of defendant's facilities among the general public,' have not been sufficient to establish jurisdiction.").

Additionally, courts have declined to find specific jurisdiction based on piercing the corporate veil, as is the theory here for Torkelson and Dodson, when the plaintiffs fail to allege the theory with reasonable particularity, which Plaintiffs plainly fail to do. *See Mellon Bank (E.) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992) (citation omitted) (stating that the plaintiff must establish "with reasonable particularity sufficient contacts between the defendant and the forum state" to support jurisdiction); *Performance Screen Supply, LLC*, 2023 WL 4898780, at *4 (finding the plaintiff had not alleged sufficient facts to exercise personal jurisdiction over the individual corporate defendant under a veil piercing claim). Like *Performance Screen Supply*, Plaintiffs, here, have failed to point to evidence that provides more that vague and conclusory accusations regarding these Defendants alleged managerial and ownership interests in the "Principal Defendants."

Additionally, Plaintiffs fail to establish specific jurisdiction over SADM, which, as previously noted, is barely mentioned in Plaintiffs' brief. That SADM is alleged to be a shell company in no way supports it having purposefully availed its activities to residents in New Jersey

14

such that it can be subject to suit in this forum. Indeed, it is not even alleged to have engaged in *any activity* other than to have held or moved allegedly unlawfully obtained funds. Overall, Plaintiffs point to no evidence of SADM's relationship with New Jersey, let alone a substantial one with which it can establish specific jurisdiction.

### C. Plaintiffs Fail to Meet the Minium Standard to Warrant Discovery prior to Dismissal

Finally, given Plaintiffs failure to "present factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between" the moving Defendants and New Jersey, they are not entitled to jurisdictional discovery. *See Aldossari on Behalf of Aldossari v. Ripp*, 49 F.4th 236, 259 (3d Cir. 2022) ("A plaintiff cannot show up in court with "bare allegations" and force defendants to start handing over evidence."). Plaintiffs' argument as to personal jurisdiction over these Defendants is nothing more than vague and conclusory allegations. There is nothing to suggest that with discovery Plaintiffs would be able to support the exercise of personal jurisdiction over these Defendants. Plaintiffs make sweeping allegations that "Torkelson, Dodson and Ergas were not named in the original Complaint because of a concerted effort to conceal their identities in the illicit activities through a series of shell businesses, non-disclosures and mischaracterizations" and that "difficulties in obtaining discovery from the [original]Defendants further delayed identification." (Pla. Br., ECF No. 289 at 1). Yet, there has already been discovery in this matter, including depositions, and Plaintiffs still fail to not only set forth sufficient facts to show specific or general jurisdiction over these defendants but fail to make even the minimal showing to warrant discovery.

## **CONCLUSION**

For the foregoing reasons, the Ergas and SADM Defendants' Motions to Dismiss are **GRANTED**. (ECF No. 277, 275). Ergas, Ergas SD IRA, Torkelson, Dodson, and SADM are dismissed with prejudice. An appropriate Order accompanies this Opinion.

_____
**CHRISTINE P. O'HEARN**
**United States District Judge**