UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANCES ANTICO, THE EXECUTRIX OF THE ESTATE OF JUNE GERMINARIO, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> RAM PAYMENT, LLC T/A RELIANT ACCOUNT MANAGEMENT, *et al.*, <br><br> Defendants. | No. 1:20-cv-12130 <br><br> ORDER |

**O'HEARN, District Judge.**

**WHEREAS,** this matter comes before the Court on a Motion for Entry of Judgment, (ECF No. 323), filed by Plaintiffs, Frances Antico, the Executrix of the Estate of June Germinario, Agnes Stefanelli, Claude Z. Davila, Wayne Strelecki, Marius Culda, Dawn Culda, Raid Assaf, Robert Rovinsky, Executor of the Estate of Susan Rovinsky, Greg Rusin, Pamela Kurt, and Jeffrey Rothstein on behalf of themselves and all other class members similarly situated (collectively, "Plaintiffs") regarding this Court's Order dismissing their Amended Complaint as to certain defendants for lack of personal jurisdiction, (ECF No. 318); and

**WHEREAS,** in their Motion, Plaintiffs ask the Court to certify the Order as a final judgment under Federal Rule of Civil Procedure 54(b) and 28 U.S.C. § 1292 (b) because it "involves a controlling question of law as to which there is substantial grounds for differences of opinion and that an immediate appeal from the Order may materially advance the ultimate termination of the litigation," (Pls.' Br., ECF No. 323 at 2–3); and

**WHEREAS,** Federal Rule of Civil Procedure 54(b) states "when multiple parties are

involved, the court may direct entry of a final judgment as to one or more, but fewer than all, . . . parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than . . . the rights and liabilities of fewer than all the parties does not end the action as to any of the . . . parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"; and

**WHEREAS,** thus, courts apply a two-step process to make determinations pursuant to Rule 54: first, the Court must determine that it is a final judgment, that is "it must be a judgment in the sense that it is a decision upon a cognizable claim for relief, and it must be final in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action," and second, the Court must then determine whether there is any just reason for delay, *CBD & Sons, Ltd. v. Setteducati*, No. 18-4276, 2020 WL 1527955, at *2 (D.N.J. Mar. 31, 2020) (internal quotation marks and citations omitted);

**WHEREAS**, for the second step, courts consider five factors: "(1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; and (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like," *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 203 (3d Cir. 2006) (citing *Allis-Chamlers Corp. v. Phila. Elec. Co.,* 521 F.2d 360, 363 (3d Cir. 1975)); and

**WHEREAS,** the Court has discretion to certify an order as final under Rule 54(b) based on "sound judicial administration," *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 202 (3d Cir. 2006); but

**WHEREAS,** "final-judgment certification under Rule 54(b) is the exception, not the rule, to the usual course of proceedings in a district court," *id* at *3; and

**WHEREAS**, "[t]he burden is on the party seeking final certification to convince the district court that the case is the 'infrequent harsh case' meriting a favorable exercise of discretion," *Allis-Chamlers Corp.*, 521 F.2d at 366; and

**WHEREAS,** additionally, 28 U.S.C. 1292 (b) provides that "[w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he [or she] shall so state in writing in such order;" and

**WHEREAS,** thus, a court may certify a non-final order, such as this Order, for interlocutory appeal where it (1) involves a controlling question of law, (2) there is a "substantial ground for difference of opinion" about that question of law, and (3) where immediate appeal may materially advance the ultimate termination of the litigation, *Tomaine v. Selip & Stylianou, LLP*, No. 20-00156, 2024 WL 3440170, at *2–3 (D.N.J. July 17, 2024) (citation omitted); and

**WHEREAS**, "the burden is on the movant to demonstrate that all three requirements [of 28 U.S.C. 1292 (b)] are met," *see id.* (quoting *F.T.C. v. Wyndham Worldwide Corp.*, 10 F. Supp. 3d 602, 633 (D.N.J. 2014), *aff'd*, 799 F.3d 236 (3d Cir. 2015)); and

**WHEREAS**, courts should certify an interlocutory appeal "sparingly" and "only in exceptional circumstances that justify a departure from the basic policy of postponing review until

3

the entry of the final order," *see id.* (citing *Fiscus v. Combus Finance AG*, No. 03-1329, 2006 WL 2845736, at *1 (D.N.J. Sept. 28, 2006)); and

**WHEREAS**, "[e]ven if the moving party meets all criteria under Section 1292(b), the district court may still deny certification as 'permission to appeal is wholly within the discretion of the courts,'" *id*. (quoting *Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976)); and

**WHEREAS**, in a five-page brief in support of their motion, Plaintiffs do not address any of the *Allis-Chamlers Corp.* factors, and merely argue that most courts have found that a Rule 54(b) certification is warranted after dismissing a party for lack of jurisdiction and state in conclusory fashion that under 28 U.S.C. § 1292, there are controlling questions of law in which there are substantial grounds for difference of opinion and an immediate appeal from the Order would materially advance the ultimate termination of the litigation, (Pls.' Br., ECF No. 323-1 at 1–5); and

**WHEREAS**, in this case, given the dismissal of Defendants with prejudice for lack of personal jurisdiction, the Court only considers whether there is no just reason to delay the entry of judgment until the final resolution of all issues, *Scott v. Lackey*, No. 02-1586, 2012 WL 1004911, at *3 (M.D. Pa. Mar. 23, 2012) (analyzing solely the second step of the Rule 54(b) analysis after concluding the first-step was met because there was a final judgment against the defendant who had been dismissed for lack of jurisdiction); and

**WHEREAS**, the first factor—the relationship between the adjudicated and unadjudicated claims—weighs in favor of Plaintiffs because though the allegations and claims brought against the dismissed Defendants and the remaining Defendants are related and overlap, the question of personal jurisdiction as to the dismissed Defendants is unique to them, *see Scott*, 2012 WL 1004911, at *3 (noting that the question of personal jurisdiction is a question unique to the

dismissed defendants); and

**WHEREAS**, the need for review will not be mooted by future developments in the case—the second factor—and the appellate court will not be obliged to consider the same fact pattern a second time—the third factor—because regardless of the outcome of the litigation, the issue as to personal jurisdiction over these Defendants will remain unchanged by any subsequent proceedings in the litigation; and

**WHEREAS**, the fourth factor—a claim or counterclaim that may result in a set-off of the judgment sought to be made final—is not a relevant factor here; but

**WHEREAS**, while the first four factors weigh in favor of finding no just reason for delay, the fifth factor weighs heavily against the issuance of a Rule 54(b) certification of judgment; and

**WHEREAS**, here, the delay to this four-year-old case, which is currently on the second iteration of the Complaint and in which extensive discovery has already taken place including depositions, is just reason to deny Plaintiffs' Motion; and

**WHEREAS,** certifying the judgment will unnecessarily increase the expense and time of the proceedings, in a case in which this Court has twice considered Plaintiffs' arguments as to jurisdiction over the dismissed Defendants and rejected Plaintiffs' arguments because there is nothing whatsoever in the record Plaintiffs have referenced to suggest in any way that this Court has personal jurisdiction over these Defendants; and

**WHEREAS**, as the SADM Defendants correctly point out, (SADM Defs.' Br., ECF No. 324 at 7–9), the cases Plaintiffs rely on are distinguishable because they involved dismissals based upon personal jurisdiction relatively early in the litigation, *see, e.g.*, *Gault v. Thacher*, No. 18-3157, 2019 WL 3842330, at *1 (D.S.C. Aug. 15, 2019) (certifying a final judgment in a case where personal jurisdiction dismissal occurred within four months of initiation of the case); *Hinkle*

*v. Continental Motors, Inc.*, No. 16-2966, 2018 WL 10096593, at *1 (M.D. Fla. Jan. 8, 2018) (certifying a final judgment when personal jurisdiction dismissal occurred nine months after inception of the case); *Animale Grp., Inc. v. Sunny's Perfume, Inc.*, No. 07-13, 2007 WL 2010476, at *1 (S.D. Tex. July 5, 2007) (certifying a final judgment when personal jurisdiction dismissal occurred less than two months from initiation of the case); *Freeplay Music, Inc. v. Cox Radio, Inc.*, No. 04-5238, 2005 WL 2464571, at *1 (S.D.N.Y. Oct. 5, 2005) (certifying a final judgment when personal jurisdiction dismissal occurred a year after inception of the case); *see also Estate of Pressma v. ITM Twentyfirst Servs., LLC*, 2022 WL 17861480, at *1 (W.D. Ky. Dec. 22, 2022) (certifying order dismissing all defendants except a "John Doe" defendant); and

**WHEREAS,** thus, like *Scott*, the fact that this case is several years old, discovery is in advanced stages, and the Court has twice considered and rejected Plaintiffs' jurisdiction argument, all dictate against certifying the Order; and

**WHEREAS,** in evaluating whether to certify under 28 U.S.C. § 1292(b), though Plaintiffs maintain there are substantial grounds for difference of opinion as to the controlling question of law, Plaintiffs' argument amounts to nothing more than mere disagreement with the Court's decision, which is not a basis to certify, *see Hulmes v. HondaMotor Co., Ltd.*, 936 F. Supp. 195, 208 (D.N.J. 1996) ("A party's disagreement with the district court's ruling does not constitute a 'substantial ground for difference of opinion' within the meaning of § 1292(b)."); and

**WHEREAS,** the difference of opinion "must arise out of genuine doubt as to the correct legal standard," *id.*, which is not present in this case as the standard applied by the Court is well settled and based on Third Circuit precedent regarding general and specific personal jurisdiction; thus,

6

**WHEREAS**, the Court finds that Plaintiffs' argument amounts to no more than a disagreement with the Court's prior decision, which is not adequate grounds for relief under 28 U.S.C. § 1292(b); thus,

**IT IS** on this  8th  day of  November , 2024,

**ORDERED** that Plaintiffs' Motion for Entry of Judgment, (ECF No. 323), is **DENIED**.

*/s/ Christine A. O'Hearn*
**CHRISTINE P. O'HEARN**
**United States District Judge**